UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80372-CIV-MARRA/JOHNSON

DOUGLAS KINZER

      Petitioner

vs.

SAFECO INSURANCE
COMPANY OF AMERICA

      Respondent.

_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon Respondent's Motion to Dismiss and/or Motion For More Definite Statement [DE 5 & DE 6].  The Court has carefully considered the Court file, the pertinent filings, and is otherwise fully advised in the premises.

## Introduction

This action was commenced by Petitioner Douglas Kinzer ("Petitioner" or "Kinzer") against Safeco Insurance Company of America ("Respondent" or "Safeco") in the 15th Judicial Circuit in and for Palm Beach County, Florida.  In his Amended Petition (the "Complaint") [DE 2], Kinzer seeks entry of an order compelling an appraisal, appointing a neutral umpire and an award of attorneys fees.  In the alternative, Kinzer asserts a cause of action for breach of contract.

The Complaint alleges, in relevant part, that:

4.      Petitioner contracted with Safeco for a policy of insurance which

afforded various types of coverage, including coverage for windstorm damage;

5.    On or about September 4, 2004, Petitioner's property suffered damage as a result of Hurricane Frances;

6.    As a result of this incident, Petitioner has suffered damage to the building on the subject property, damage to its contents, as well as loss of the use of the property;

7.    Petitioner furnished Safeco with timely notice of the loss, proof of claim and otherwise performed all conditions precedent to recover benefits under the policy, but Safeco refused to pay either part or all of Petitioner's claim;

8.    The subject policy of insurance contains a clause that provides for the alternative dispute resolution forum of appraisal ("Appraisal").

9.    On September 5, 2007, Petitioner invoked Appraisal and under the terms of the policy, Safeco had 20 days to name its appraiser and begin the appraisal process;

10.   Safeco failed to name an appraiser within 20 days and has refused to appraise the loss;

13.   Safeco's denial of coverage and refusal to pay the full amount of the claim, failure to name its appraiser within 20 days, and refusal to begin the appraisal process is contrary to the terms of the policy and/or

Florida law, and is a breach of the contract of insurance.

DE 2.

Safeco removed this action based on diversity of citizenship and shortly thereafter filed the instant Motion to Dismiss and/or More Definite Statement. Instead of responding to the Motion to Dismiss, Petitioner filed a Motion to Remand. The Court subsequently denied the motion to remand and directed Petitioner to respond to the motion to dismiss.  No reply has been filed.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v.*

*Twombly*, 127 S.Ct. at 1964-65 (citations omitted).  A court reviewing a motion to dismiss must remember that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984).

## Discussion

Safeco moves to dismiss the Complaint arguing that Petitioner has (1) failed to state a cause of action for appraisal; (2) failed to allege that the damages being claimed are covered losses; (3) failed to allege that there is a dispute over the amount of loss; and (4) never demanded appraisal for the September 4, 2004 loss. Safeco's final argument is (5) that the breach of contract claim does not comply with Federal Rules of Civil Procedure 8.  None of these arguments have merit.

### 1.   Cause of Action For Appraisal

Safeco asserts that the Complaint fails to state a cause of action for appraisal because it fails to allege the conditions precedent that the issue of coverage has been determined and the only issue that remains is the amount of loss the insured is entitled to recover.  "Petitioner must allege that coverage has been established in order to trigger appraisal.  The Petition is void of any allegations that the loss suffered and/or the damage being claimed was a covered loss. . .  Indeed, the Petition does not even explicitly allege that Petitioner's losses were covered under the respective policy.  Without such allegations, the demand for appraisal must fail."

DE 5 at 3.

From a plain reading of the paragraphs referenced above, this argument is misguided.  Paragraph 4 of the Complaint alleges that the subject policy of insurance affords coverage for windstorm damages.  Paragraphs 5 and 6 allege that Kinzer's property was damaged by the windstorm Hurricane Frances.  Paragraph 7 alleges that the Petitioner furnished Safeco with timely notice of the loss, proof of claim and otherwise performed all conditions precedent to recover under the policy. Paragraphs 4 through 7 allege Petitioner's losses were covered under the subject policy but have not been paid.  This is more than adequate to state a claim for appraisal under Fed. R. Civ. P. 8 and Safeco's first argument is denied.

2.     __Failure to Allege That the Damages Being Claimed Is a Covered Loss__

Safeco next argues that the Complaint must be dismissed because Kinzer failed to allege that the damages being claimed are a covered loss.  "Petitioner vaguely glosses over this coverage issue as seen in paragraph 4 of the Petition. . .  Petitioner's allegation that Hurricane Frances caused damage is not enough as Petitioner failed to allege that the damage was caused by direct force of wind or hail, which is necessary in order to trigger coverage.  Very often hurricanes cause loss from flooding, which are excluded under the policy . . .  Without such factual allegations that would establish coverage the Appraisal Clause cannot be triggered."  DE 5 at 3-4.

Safeco cites no case law, statute, rule or policy language to support this argument which is in contrary to intent of Federal Rule of Civil Procedure 8.  Rule

8(e)(1) supplements the short and plain requirement of Rule 8(a)(2).  It states: "Each averment of a pleading shall be simple, concise, and direct.  No technical forms of pleading or motions are required."  Fed. R. Civ. P. 8(e)(1).  "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules."  *Krehling v. Baron*, 900 F.Supp. 1574, 1577 (M.D. Fla. 1995) "These rules fully reflect the basic philosophy of the federal rules expressed in Rule 1 that simplicity, flexibility, and the absence of legalistic technicality are the touchstones of a good procedural system."  *Id*.

The instant Complaint satisfies the requirement under Rule 8 of a short and plain statement of a claim showing that the pleader is entitled to relief.  It is sufficient that Kinzer has pled in Paragraphs 4 through 7 that his property was damaged as a result of a covered peril.  Any further particularity is unnecessary. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002) (a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination under *McDonnell Douglas*, but must contain only a short and plain statement of the claim showing that the pleader is entitled to relief).

3.      **Failure to Allege That There Is a Dispute over the Amount of Loss**

Safeco devotes two sentences to this argument: "Safeco's Appraisal Clause is a standard clause and is very clear that Appraisal is only available when the parties disagree over the amount of loss.  Petitioner's pleading is clearly void of such allegations and therefore must be dismissed."  DE 5 at 5.

In Paragraph 8 of the Complaint, Kinzer quotes the Appraisal Clause contained in the contract policy of insurance that provides, in pertinent part, "[i]f you and we fail to agree on the amount of loss . . . ."  In his Complaint, Petitioner specifically alleges that he furnished Safeco with timely notice of the loss and proof of claim, but Safeco has refused to appraise the loss or pay the claim.  These allegations are sufficient to allege a disagreement over the amount of loss.

4.     **Demand for Appraisal for the September 4, 2004 Loss**

Safeco asserts another two sentence argument: "The Petitioner alleges that he demanded appraisal with regards to the loss suffered on September 4, 2004; however, the demand letter is a demand for appraisal for the date of loss of September 5, 2004.  Because there was never a demand for appraisal made with regards to the September 4, 2004 loss, this matter is premature and must be dismissed."  DE 5 at 5-6.

Kinzer agrees that his appraisal demand lists September 4, 2004 as the date of loss, and the demand letter for appraisal issued by his public adjuster cites a "Date of Loss: 9/05/2004."  Kinzer points out that Hurricane Frances passed through the region over the course of two days and some people consider the storm to have occurred on September 4, 2004, while others consider the storm to have occurred on September 5, 2004.  In either case, the demand letter for appraisal makes specific reference to Petitioner's Hurricane Frances claim of loss, and lists the claim number.  Safeco's suggestion that a demand for appraisal was not made regarding the claim of loss and

for the damages caused by Hurricane Frances is rejected.

5.      **Breach of contract claim does not comply with Federal Rules of Civil Procedure Rule 8**

Safeco claims that it does not have fair notice of what is being claimed and the grounds upon which that claim rests because the Complaint alleges that the date of loss was September 4, 2004, while the exhibit attached to the pleading states that the date of loss was September 5, 2004, and the Wherefore Clause of the Complaint asks for relief with regards to the date of loss of October 24, 2005.  For the reasons stated in the preceding section, Safeco's initial point is rejected.  Safeco is correct, however, that the Wherefore Clause is ambiguous.  Kinzer states this was a scrivener's error.  Indeed, it seems that in his response, Petitioner makes another error by stating, "if by the time the Respondent reached that section of the Petition, there was any doubt but that the Petitioner was pursuing relief for his *Hurricane Wilma* claim of loss, then the Respondent has clearly removed all such doubt as is evidenced by its several filings thereinafter and in response regarding same."  DE 15 at 6 (emphasis supplied).  It seems clear that Petitioner erred again, this time by citing Hurricane Wilma instead of Hurricane Frances.  These mistakes are not the sort of errors that would warrant dismissal of the Complaint, but should be corrected to extinguish potential ambiguities.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Respondent's Motion to Dismiss [DE 5] is DENIED; the Motion For More Definite Statement [DE 6] is GRANTED in part.  Plaintiff shall

correct any errors or ambiguities regarding the alleged date of loss and file a Second

Amended Petition within twenty days of receipt of this Opinion and Order.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 17th day of February, 2009.

 

                            KENNETH A. MARRA
                            United States District Judge

copies to:

All counsel of record